## PALMER *vs.* HUSSEY.

A receipt for government bonds, which describes them by their numbers and amounts, and in which it is stated, "These bonds we hold subject to the order of J. L. P., at ten days' notice, agreeing to collect the coupons for his account free of charge, and to allow him 2 per cent per annum interest on the par value of said bonds" &c., makes it the duty of the signer to return the same bonds received by him, on ten days' notice.

He is bound to protect the bonds, and to return them on demand; and his refusal to do so is a conversion, for which he is liable, and may be arrested.

APPEAL from an order denying a motion to vacate an order of arrest.

The complaint alleges that $19,600 United States bonds were received by the defendant from the plaintiff, as his agent and broker, in a fiduciary capacity, upon an ar-

Palmer *v.* Hussey.

rangement and agreement set forth in a paper, a copy of which was annexed to the complaint. The defendant was then doing business, in the city of New York, under the name of "E. A. Hussey & Co." That the defendant, without the authority or permission of the plaintiff, fraudulently and willfully sold and disposed of the bonds, and refuses to deliver them up to him after demand and the notice required in the agreement.

The agreement referred to in the complaint was as follows:

"NEW YORK, May 11th, 1860.

A. L. PALMER, Esq., Dorchester, N. B.

DEAR SIR—We yesterday received from Messrs. Brown Bros. & Co., on your order, and receipted to them for the same, the following U. S. bonds:

| | |
|---|---:|
| Ten (10) 7$\frac{3}{10}$ U. S. bonds, numbers 62423, 62 & 22 & 62 & & 1 to 62 & & 8 of $500 each is | $5000 |
| One hundred and thirty-two (132) 7$\frac{3}{10}$ U. S. bonds, numbers 136109, 136108, 136001, to 136100, 135957, to 13598 & 125153 & 12515 & of $100 is | 13200 |
| Eight (8) 7$\frac{3}{10}$ U. S. bonds, numbers 69021, to 69028 $50 each is | 400 |
| One (1) U. S. 6$\frac{6}{8}$ 5-20 $1000 is | 1000 |
| Total | $19600 |

The 7$\frac{3}{10}$ bonds only were received from Brown Bros. & Co., the 5-20 was held by us as advised, Decr. 23d, 1865. These bonds we hold subject to the order of A. L. Palmer, at ten days' notice, agreeing to collect the coupons for his account free of charge and to allow him 2$\frac{6}{8}$ per annum interest on the par value of said bonds, said interest to commence and count June 1st, 1866. Interest on the 7$\frac{3}{10}$ U. S. bonds, payable June and December 15th, on 5-20 May and November 1st.

(Signed,) E. A. HUSSEY & Co."

Upon the summons and complaint and the contract (or receipt) annexed thereto and made a part thereof, and an affidavit of S. W. Palmer, an order of arrest was granted. A motion, founded on the same papers, was made, to vacate said order, and the same was denied, with $10 costs.

*R. H. Huntley*, for the appellant.

I. The affidavit upon which the order was granted is insufficient, as it does not state facts sufficient to sustain an arrest. It merely reiterates certain allegations in the complaint. (*Code*, § 181. *Pindar* v. *Black*, 4 *How.* 95. *Frost* v. *Willard*, 9 *Barb.* 440. *Vanderpool* v. *Kissam*, 4 *Sand.* 715.) The affidavit must contain facts bringing the case within section 179. Resort cannot be had to the complaint. (*Code*, § 181. *Corwin* v. *Freeland*, 6 *N. Y.* 560.)

II. This is an action on contract, and not in tort. The complaint states a contract upon which the defendant held the bonds. The allegation that the defendant has "fraudulently and willfully sold and misapplied" them, is merely an allegation of the breach of that contract, and can, in no way, be made to sustain an action for conversion. (*Austin* v. *Rawdon*, 44 *N. Y.* 63.) Whatever action the refusal of the defendant to deliver the bonds may subject him to, it does not subject him to this action. For what purpose the defendant held the bonds, does not appear. The payment of two per cent shows, however, that he was to use them. It was, then, substantially a sale of the bonds, in order that a loan of money might be made, and the title to the bonds vested in the borrower. (*Dykers* v. *Allen*, 7 *Hill*, 497, 499, *per Walworth, Ch.* See also on this point, 2 *Pars. on Cont.* 119, 5th ed.; *Hurd* v. *West*, 7 *Cowen*, 752; *Edw. on Bailm.* 137, 204; *Requa* v. *Guggenheim*, 3 *Lans.* 21.) The fact that interest was to be paid

makes the transaction a loan. "The terms 'interest' and 'forbearance' cannot be predicated of any other than a loan of money, actual or presumed. Interest is defined to be a certain profit for the use of the loan." (*The Dry Dock Bank* v. *The American Life Ins. and Trust Co.*, 3 *N. Y.* 355. *Dubois* v. *Thompson*, 25 *How. Pr.* 418. 2 *Black. Com.* 454, *et seq.*) The right to a ten days' notice also indicates a loan with the right to use the bonds. This view is further established by the terms of the agreement itself. A refusal to deliver the bonds upon ten days' notice, amounts to a breach of the agreement only, nothing else. *Expressio unius est exclusio alterius.* (*Austin* v. *Rawdon, supra.*) Facts must appear, to sustain the order of arrest. Such facts are not contained in the agreement, and outside of the agreement no fact is stated. "Fiduciary capacity," "agent," "broker," which, it is to be observed, appear in the complaint, and not in S. W. Palmer's affidavit, are not facts, but legal inferences. (*Pindar* v. *Black*, 4 *How.* 95. *Frost* v. *Willard*, 9 *Barb.* 440. *Vanderpool* v. *Kissam*, 4 *Sandf.* 715. *Elwood* v. *Gardner*, 10 *Abb. N. S.*, 238, *and note.*)

III. But the allegation of fiduciary capacity in the complaint does not authorize an arrest, nor change the action from one *ex contracto* to one *ex delictu.* (*Wood* v. *Henry*, 40 *N. Y.* 124. *Conaughty* v. *Nichols*, 42 *id.* 83.)

IV. The allegation of conversion is not material, inasmuch as in this action it is not traversable. It need not be proved on the trial, nor can it be disproved by the defendant. (*Wood* v. *Henry, supra.*)

V. If the order is not vacated, though on the trial the plaintiff may recover on the contract only, he will still have the arrest, and the defendant cannot escape it, though no cause for it be shown. (*Austin* v. *Rawdon, supra.*)

*G. M. Speir*, for the respondent.

I. This is not an action arising on contract; the contract being only inducement to the action; while the gravamen of the complaint is the conversion of the bonds, by the defendant. (*Ridder* v. *Whitlock*, 12 *How.* 208.)

II. The allowance of two per cent interest per annum on the par value of the bonds is not usurious. There is no corrupt and usurious agreement to pay more than seven per cent per annum for the use, loan, and forbearance of money. A loan of goods is not within the statute, whatever may be reserved for their use, nor of stock or grain to be returned in kind. They all proceed on the doctrine, that the value of everything which can be the subject of a loan, except money, is subject to fluctuation. (*Ord on Usury*, 26. *The Dry Dock Bank* v. *The American Life and Trust Co.*, 3 *N. Y.* 355, *Gardner*, J. *Comyn on Usury*, 21. *Bull* v. *Rice*, 1 *Seld.* 315. *Spencer* v. *Tilden*, 5 *Cowen*, 144. *Id.* 149.) So any one may lawfully take more than legal interest for the use of his credit. (*Leavitt* v. *DeLauny*, 4 *N. Y.* 363. *More* v. *Howland*, 4 *Denio*, 268.)

III. The affidavit alone is sufficient to warrant the order of arrest. A copy of the agreement is annexed to it. It alleges it was signed and delivered by the defendant to the plaintiff; that the bonds were delivered to the defendant on the terms named in the agreement; that a demand was made to deliver up the bonds in ten days; that the defendant refused, and admitted that he had disposed of them; that from the knowledge obtained by the affiant of the business relations between the parties the defendant had no authority to dispose of the bonds.

IV. The Superior Court, and this court, have decided that the complaint, sworn to, may be considered an affidavit; and if the complaint and affidavit together are sufficient to warrant the order, although the affidavit

In the matter of Smith.

alone would not be sufficient, the order will be sustained. (*Brady* v. *Bissell*, 1 *Abb.* 76, *Hoffman, J.*, and *Turner* v. *Thompson*, 2 *id.* 444, *Davies, J.*) These cases have not been overruled. The order of arrest was granted on the complaint, agreement and affidavit before the judge at the time.

*By the Court*, INGRAHAM, P. J. We think the receipt in this case made it the duty of the defendant to return the same bonds received by him, on ten days' notice. Admitting that he had a right to use the bonds for his own purposes, that right was subordinate to the obligation which he assumed, to return the same bonds, to collect the coupons on them, and repay the proceeds to the plaintiff. He was bound to protect the bonds, and to return them on demand. His refusal to do so, was a conversion, for which the defendant is liable.

The cases referred to, as to loans of stock, are inapplicable, as they were a mere borrowing of stock which was not to be returned in specie.

Order affirmed.

[FIRST DEPARTMENT GENERAL TERM, at New York, May 5, 1873. *Ingraham, Brady* and *Davis*, Justices.]